**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor Manuel LOPEZ-MORALES, a.k.a. Victor Manuel Lopez, Defendant-Appellant.**

**Nos. 14-10564, 14-10565**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

Shelley Kay-Glenn Clemens, Esquire, Assistant U.S. Attorney, USTU—Office of the US Attorney, Tucson, AZ, for Plaintiff-Appellee

Michael L. Burke, Esquire, Assistant Federal Public Defender, FPDAZ-Federal Public Defenders Office (Phoenix), Phoenix, AZ, for Defendant-Appellant

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Victor Manuel Lopez-Morales appeals from the 77-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326, as well as the 12-month consecutive sentence imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Morales contends that the district court procedurally erred by failing to address his argument that his cultural assimilation warranted a below-Guidelines sentence, and by referencing 18 U.S.C. § 3553(a) at the conclusion of the sentencing hearing. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Lopez-Morales's argument concerning his assimilation, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, there is no indication that the court committed plain error by mentioning section 3553(a).

Lopez-Morales also contends that his sentences are substantively unreasonable in light of his cultural assimilation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentences are substantively reasonable in

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

light of the applicable sentencing factors and the totality of the circumstances, including Lopez-Morales's criminal history, his multiple prior removals, and his failure to be deterred by prior sentences. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.